Filed 3/3/21  P. v. Goodwin CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B307231 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA052683) |
| v. | |
| MICHAEL FRANK GOODWIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Stanley Blumenfeld, Judge.  Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Michael R. Johnsen, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Michael Frank Goodwin was convicted of two counts of first degree murder arising from the execution-style shooting deaths of Mickey and Trudy Thompson in the driveway of their home in 1988.  The jury also found true lying-in-wait and multiple-murder special-circumstance allegations as to each murder count.  Defendant was sentenced to two life terms without the possibility of parole.  In 2015, we affirmed defendant's conviction in an unpublished decision. (*People v. Goodwin* (Jan. 26, 2015, B197574) [nonpub. opn.].)

After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) in 2018, defendant filed a petition for resentencing pursuant to Penal Code section 1170.95.  Section 1170.95 was enacted as part of the legislative changes effected by Senate Bill No. 1437 and became effective January 1, 2019.  (Stats. 2018, ch. 1015, § 4.)  Defendant, acting in propria persona, filed a form petition in which he alleged he was convicted of first degree murder under the felony murder rule or the natural and probable consequences doctrine and that he could no longer be so convicted in light of the changes made to sections 188 and 189 by Senate Bill No. 1437.  Defendant stated he was not the actual killer, did not act with intent to kill and was not a major participant in the deaths of Mickey and Trudy Thompson.  Defendant attached several exhibits to his petition, including excerpts of the jury instructions and a declaration from one of the jurors.  Defendant also requested the appointment of counsel.

At a hearing in June 2020, the trial court summarily denied defendant's petition without appointing counsel.

Relying on a review of the jury instructions, the verdict forms and our prior opinion affirming defendant's conviction, the trial court found defendant was not eligible for resentencing and

2

could not make out a prima facie case because he had not been convicted under the felony murder doctrine or under a natural and probable consequences theory. Rather, defendant was found guilty under a theory of conspiracy to commit murder or as a direct aider and abettor and the jury necessarily found defendant acted with express malice as to both murders in finding true the lying-in-wait special-circumstance allegations.

Defendant appealed. He contends the trial court erred in summarily denying his resentencing petition without first appointing him counsel and allowing an evidentiary hearing. Defendant also argues the court engaged in improper factfinding at the initial review stage by reviewing the record of conviction.

We disagree. Penal Code section 1170.95, subdivision (c) provides the court "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." The statutory language, read in context, contemplates an initial eligibility determination by the court. Allegations stated in a resentencing petition may be erroneous. Where, as here, there is no reasonable factual dispute regarding eligibility for relief, it would be a waste of judicial resources to automatically require the appointment of counsel and briefing on a moot point. Several courts have interpreted the statutory language and have concluded that a defendant seeking resentencing is entitled to appointment of counsel only *after* demonstrating a prima facie case, and the Supreme Court is now considering the issue. (See, e.g., *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139–1140, review granted Mar. 18, 2020, S260598 (*Lewis*); *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410; *People v. Verdugo* (2020) 44 Cal.App.5th 320,

3

328–332, review granted Mar. 18, 2020, S260493 (*Verdugo*); *People v. Tarkington* (2020) 49 Cal.App.5th 892, 901–902, review granted Aug. 12, 2020, S263219 (*Tarkington*).)

Pending guidance from the Supreme Court, we adopt the persuasive analyses in these decisions. We are not persuaded by defendant's argument that *Lewis*, *Cornelius*, *Verdugo* and *Tarkington* were wrongly decided. The statutory framework supports the trial court's authority to make an initial eligibility determination as a matter of law without appointing counsel. Moreover, for the same reasons we identified in *People v. Falcone* (2020) 57 Cal.App.5th 272, 279, review granted January 27, 2021, S266041, the denial of counsel did not infringe on defendant's rights.

The trial court also did not err, nor did it engage in improper factfinding, in relying on our prior opinion in making its eligibility determination. Numerous courts have concluded the prior opinion from a defendant's direct appeal may be considered by the trial court as part of the record of conviction in ruling on a resentencing petition. (See, e.g., *Lewis*, *supra*, 43 Cal.App.5th at pp. 1137–1138, review granted Mar. 18, 2020, S260598; *Verdugo*, *supra*, 44 Cal.App.5th at pp. 329–330, 333, review granted Mar. 18, 2020, S260493; *Tarkington*, *supra*, 49 Cal.App.5th at p. 899, fn. 5, review granted Aug. 12, 2020, S263219.) Pending the Supreme Court's resolution of this issue in *Lewis*, we adopt the analyses in these decisions.

We granted respondent's request to take judicial notice of the appellate record in *People v. Goodwin, supra*, B197574.

The record of conviction here demonstrates the trial court did not err in concluding as a matter of law defendant could not establish eligibility for resentencing. Defendant was charged

4

only with two counts of murder. Defendant was not prosecuted on a theory of felony murder or under a natural and probable consequences theory. He was prosecuted as a coconspirator or direct aider and abettor in a murder-for-hire scheme and could be prosecuted under those same theories under the amended murder statutes. Moreover, the jury necessarily found defendant acted with express malice with respect to both murders by finding true the lying-in-wait special-circumstance allegations. (*People v. Flinner* (2020) 10 Cal.5th 686, 748 [lying-in-wait special circumstance requires proof "the killing was intentional, not merely committed with implied malice"].)

## DISPOSITION

The order denying defendant's resentencing petition is affirmed.

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.

STRATTON, J.

5